UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

------------------------------------------------------------------------x
Patricia Hollins
11 Windy Ridge Cove
Jackson, MS 39211

**Civil Action No:**

Plaintiff,

-v.-

Interstate Recovery Service, Inc.
236 Mustang Trail, Ste 105
Virginia Beach, VA 23452

Defendant.
------------------------------------------------------------------------x

**COMPLAINT**

Plaintiff Patricia Hollins ("Plaintiff" or "Hollins") by and through her attorneys, Meridian Law, LLC as and for her Complaint against Interstate Recovery Service, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

**PARTIES**

4. Plaintiff is a resident of the State of Mississippi, County of Hinds, residing at 11 Windy Ridge

1

Cove, Jackson, MS 39211.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 236 Mustang Trail, Ste 105, Virginia Beach, VA 23452.

## **FACTUAL ALLEGATIONS**

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around April 5, 2016, Defendant sent an initial collection notice to Plaintiff.

10. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication provide the consumer with:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the

    debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

    This is called the "G-Notice".

11. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

12. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

13. The letter in the second paragraph states: "Because of other charges that may vary from day to day, the amount due on the day you pay may be greater."

14. Defendant is aware that during the collection of this debt the balance will not vary at all and will remain constant.

15. Stating that the debt balance might increase is false and a deceptive tactic to coerce the consumer to pay the debt so that her balance does not "increase".

16. Additionally, the threat of a balance increase overshadows the "G-Notice" language because it scares the consumer into making immediate payment on the account to keep her balance

3

from increasing rather than exercising her 30-day right to dispute the debt as provided by the FDCPA.

17. Each and every aspect of this language threatens the consumer's validation rights and coerces payment from the consumer by making threats during the initial thirty-day dispute period.

18. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(10), and 1692f.

21. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    a)    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

    d)    A declaration that the Defendant's practice violated the FDCPA; and

    e)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 4th day of April, 2017

                                                 */s/Aryeh E. Stein*
                                                Aryeh E. Stein, Esq.
                                                **Meridian Law, LLC**
                                                600 Reisterstown Road, Suite 700
                                                Baltimore, MD 21208
                                                Phone:  443-326-6011
                                                Fax 410-653-9061
                                                astein@meridianlawfirm.com
                                                VA Bar ID No. 45895